<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| VICTOR ZAVALA, EUNICE GOMEZ, ANTONIO FLORES, OCTAVIO DENISIO, HIPOLITO PALACIOS, CARLOS ALBERTO TELLO, MAXIMILIANO MENDEZ, ARTURO ZAVALA, FILIPE CONDADO, LUIS GUTIERREZ, DANIEL ANTONIO CRUZ, PETR ZEDNEK, TERESA JAROS, JIRI PFAUSER, HANA PFAUSEROVA, PAVEL KUNC, and MARTIN MACAK, on behalf of themselves and all others similarly situated, | : : : : : : : : : : : : : | Civil Action No. 03-5309 (JAG) |
| Plaintiffs, | : : | **OPINION** |
| v. | : : | |
| WAL-MART STORES, INC., | : : | |
| Defendant. | : : | |

<u>**GREENAWAY, JR., U.S.D.J.**</u>

This matter comes before the Court on Plaintiffs' motion for an order, pursuant to FED. R.

CIV. P. 54(b), certifying this Court's August 28, 2006 Order (the "Order") (dismissing RICO

claims) as a final judgment for immediate appeal.  For the reasons set forth below, this motion

will be denied.

<u>**INTRODUCTION**</u>

On August 28, 2006, this Court dismissed two RICO-related counts of Plaintiffs' Second

1

Amended Complaint for failure to state a claim.[1]  The Order dismissed Plaintiffs' RICO claims in Count One because Plaintiffs failed to allege a distinct person, separate from a distinct enterprise.  Zavala v. Wal-Mart Stores, Inc., 447 F. Supp. 2d 379, 383-84 (D.N.J. 2006).  Further, this Court found that Plaintiffs' RICO claim for involuntary servitude would fail because it does not allege acts constituting involuntary servitude.  Zavala, 447 F. Supp. 2d at 384-85.  This Court also held that Plaintiffs' claims for immigration violations and money laundering under RICO fail because of the absence of a viable theory of direct and proximate causation.  Zavala, 447 F. Supp. 2d at 388.  This Court granted Defendant's motion to dismiss on the Second Count of Plaintiffs' Second Amended Complaint because it alleged conspiracy to commit acts alleged in the First Count, which were dismissed.

Plaintiffs now request an entry of final judgment on their RICO claims, pursuant to FED. R. CIV. P. 54(b), so that the Order can be immediately appealed.

## DISCUSSION

### I.    Governing Legal Standards

Rule 54(b) provides that "[w]hen more than one claim for relief is presented in an action, . . . the court may direct entry of final judgment as to one or more but fewer than all of the claims . . . only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

In Curtiss-Wright Corp. v. General Electric Co., the Supreme Court set forth the framework for applying Rule 54(b).  "A district court must first determine that it is dealing with a

---

[1] This Court dismissed similar RICO claims, without prejudice, in an Order dated October 7, 2005.  Plaintiffs reasserted the RICO claims in its Second Amended Complaint and Defendant filed a second motion to dismiss, resulting in the August 28, 2006 Order.

'final judgment [–] a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 7 (1980) (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956)). "The District Court *cannot*, in the exercise of its discretion, treat as 'final' that which is not 'final' within the meaning of [28 U.S.C.] § 1291." Sussex Drug Products v. Kanasco, Ltd., 920 F.2d 1150, 1154 (3d Cir. 1990) (quoting Mackey, 351 U.S. at 437). Once the district court has determined that the order is a "final judgment," it must then discern whether there is any "just reason for delay." Curtiss-Wright, 446 U.S. at 8.

## II.     Final Judgment

In determining whether a judgment is "final" for purposes of Rule 54(b), the Third Circuit looks to the definition of finality found in 28 U.S.C. § 1291 – a judgment is final where it ends "the litigation on the merits and leaves nothing for the court to do but execute the judgment." Sussex Drug, 920 F.2d at 1153-54 (quoting Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 275 (1988)). Rule 54(b) does not alter this definition of finality, but, instead, merely allows "a judgment to be entered if it has the requisite degree of finality as to an individual claim in a multi[-]claim action." Sussex Drug, 920 F.2d at 1154. "The partial adjudication of a single claim in not appealable, despite a [R]ule 54(b) certification." Sussex Drug, 920 F.2d at 1154 (quoting Aetna Casualty & Surety Co. v. Giesow, 412 F.2d 468, 470 (2d Cir. 1969)).

"There is no definitive test to determine whether more than one claim is before the court." Gerardi v. Pelullo, 16 F.3d 1363, 1369 (3d Cir. 1994); Sussex Drug, 920 F.2d at 1154; Allegheny

County Sanitary Auth. v. EPA, 732 F.2d 1167, 1172 (3d Cir. 1984).  The Third Circuit has noted, however, that, in the context of determining whether a district court has adjudicated one of several claims, or has adjudicated but one portion of a single claim, "[i]t is sufficient to recognize that a complaint asserting only one legal right, even if seeking multiple remedies for the alleged violation of that right, states a single claim for relief."  Sussex Drug, 920 F.2d at 1154 (quoting Liberty Mutual Ins. Co. v. Wetzel, 424 U.S. 737, 743 n. 4 (1976)).

This Court need not delve into an in depth analysis of the separability of the claims presented.[2]  Even if Plaintiffs' RICO and FLSA claims are separate and distinct – meaning that this Court's order dismissing the RICO claims is a "final judgment" for purposes of Rule 54(b) – this Court still finds that there is "just reason for delay."

## III.    Just Reason For Delay

Assuming, arguendo, that the Order is a "final judgment," this Court must also find that there is no just reason for delay in order to grant Plaintiffs' motion.  See Curtiss-Wright, 446 U.S. at 8.

In making its determination regarding "just reason for delay," the district court should act as a 'dispatcher.'  Id. ("It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal.") "[C]onsideration of judicial administrative interests 'is necessary to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'"  Wood v. GCC Bend, LLC, 422 F.3d 873, 878 (9th Cir. 2005) (quoting Curtiss-Wright, 446 U.S. at 8

---

[2] Indeed, this Court will explore the separability of the claims in a similar context in its analysis of whether there are any just reasons for delay.  See infra pp 5-6.

(quoting <u>Mackey</u>, 351 U.S. at 437)).

The Third Circuit has set forth five factors to examine when reviewing Rule 54(b) motions for "just reason for delay":

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

<u>Berckeley Inv. Group, Ltd. v. Colkitt</u>, 455 F.3d 195, 203 (3d Cir. 2006) (quoting <u>Allis-Chalmers Corp. v. Phila. Elec. Co.</u>, 521 F.2d 360, 364 (3d Cir. 1975)).  "Depending on the facts of the particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b)."  <u>Allis-Chalmers</u>, 521 F.2d at 364. In this case, this Court deems the most pertinent factors to be the relationship between the claims, the possibility that appellate review will become moot, and the likelihood of success of the dismissed claims compared to the cost of immediate appeal.

A.    <u>Relationship Between the Adjudicated and Unadjudicated Claims</u>

Plaintiffs argue that there is no just reason for delay of the appeal based on the relationship between the RICO claims and the FLSA claims because the claims are separate and distinct.  Plaintiffs correctly argue that the claims have different elements, provide for different procedures, and provide for different recoveries.  (Pls.' Br. 9.)

However, this Court finds that there are significant similarities between the factual circumstances underlying the recoveries sought under the FLSA claims and under the RICO

claims.  First, the parties are the same – Plaintiffs and Wal-Mart.  The Third Circuit has considered the presence of different parties (in the dismissed claims as compared to the remaining claims) as a significant factor supporting the immediate appealability of dismissed claims.  See e.g., Genty v. Resolution Trust Corp., 937 F.2d 899 (3d Cir. 1991) (holding a Rule 54(b) certification proper where "[a]lthough the plaintiffs in both phases of the lawsuit are the same, the defendants are entirely different parties, except for the Township which is a defendant in both phases"); Carter v. City of Philadelphia, 181 F.3d 339, 343 and 346 (3d Cir. 1999) (holding a Rule 54(b) certification proper where the claims against one defendant had been dismissed, and the remaining claims did not affect that defendant).

Second, much of the same evidence which is required to prove the RICO claims will be necessary to set forth the FLSA claims.  See Gerardi, 16 F.3d 1363 (reversing a Rule 54(b) certification where "the facts underlying the [certified] claim . . . may be intertwined with the remaining issues").  For instance, Plaintiffs will have to show employment at a Wal-Mart store, their hours worked, and their wages paid.

While Plaintiffs' argument regarding the differences in elements, procedures and recoveries is significant, it is not determinative at this stage of the analysis.  If this Court were fully addressing "finality," Plaintiffs' argument would bear more weight.  However, at this stage of the Rule 54(b) analysis, this Court must determine whether any of the factors set forth in Berckeley establish a "just reason for delay."  See Berckeley, 455 F.3d at 203.

This Court finds that the similarities in the factual underpinnings of both claims are sufficient to weigh this factor in favor of there being a just reason for delay.  See Gerardi, 16 F.3d at 1372 n.16 ("Rule 54(b) certification is more appropriate when a party joins completely

unrelated claims as permitted by Fed. R. Civ. P. 18(a), and recovers a judgment on fewer than all the claims.").

      B.    <u>Possibility That Appellate Review Will Be Mooted By Future Developments</u>

Plaintiffs argue that the need for appellate review will not be mooted by future developments because the RICO claims and the FLSA claims depend on different legal elements. (Pls.' Reply Br. 9).  This Court disagrees.

In order to be successful in their prosecution of the FLSA and RICO claims, Plaintiffs must establish "joint employer" liability on the part of Wal-Mart and its contractors.  If Plaintiff fails to establish that Wal-Mart and its contractors were joint employers, then the Plaintiffs will have no basis to recover damages from Wal-Mart under the RICO claims or the FLSA claims. Thus, there is a possibility that the need for appellate review will be mooted.  This possibility also suggests that there is just reason for delay.

      C.    <u>Miscellaneous Considerations</u>

The foremost reason for delay is that the costs, in time and judicial economy, of appeal greatly outweigh the prospect of a successful appeal.  Additionally, this Court is permitted to take into account the "frivolity of competing claims."  This Court's dismissal of the RICO Counts was not a "close call."  This Court dismissed Count One because 1) it failed to meet the distinctness requirement of 18 U.S.C. § 1962(c); 2) Plaintiffs failed to demonstrate that the predicate acts of immigration violations and money laundering proximately caused their injuries; and 3) Plaintiffs failed to state a claim of involuntary servitude.  Count Two failed because it alleged conspiracy to commit the acts alleged, and dismissed, in Count One.

This Court's determination as to distinctness is supported by Supreme Court precedent.

See Cedric Kushner Promotions, Ltd. v. King, 533 U.S. 158, 161 (2001).  Further, the proximate

causation holding is based also on Supreme Court precedent, Holmes v. Sec. Investor Prot.

Corp., 503 U.S.  258, 268 (1992), and "receives substantial support from the recent decision of

the Supreme Court in Anza v. Ideal Steel Supply Corp., 126 S. Ct. 1991 (2006).  Zavala, 447 F.

Supp. 2d at 386.

Further, as noted in the Order, Plaintiffs were given two opportunities to present their

RICO claims, and still failed to state a claim.  Zavala, 447 F. Supp. 2d at 388 (holding that the

claims should be dismissed with prejudice because "repleading is futile").  In light of the

precedent supporting this Court's dismissal of the RICO Counts, and further in light of the

Plaintiffs' two opportunities to set forth a claim upon which relief could have been granted, this

Court estimates that Plaintiffs' chances of success on appeal are minimal.

The cost, in both monetary resources and judicial resources, is high.  This Court granted

conditional certification of the FLSA claims for collective action.  Permitting an appeal of this

Court's dismissal of the two RICO Counts causes delay for the unnamed, conditional plaintiffs,

while benefitting only the named plaintiffs in their quest to sustain their RICO claims.  Further,

immediate appeal causes delay, and creates additional costs (in the form of two separate appeals),

for Defendant, who has already fully briefed and argued the reasons for dismissal of the RICO

claims twice.

Further, delaying the appeal until the resolution of the FLSA claims will present the Third

Circuit with a fuller, more thorough record on which to analyze the appeal.  A single appeal also

avoids judicial waste in that two separate Third Circuit panels will not have to familiarize

themselves with the extensive record in the case.

Plaintiff's prospect of a successful appeal, when viewed in the light of these costs in time and money to the parties, is significant and sufficient, on its own, to constitute a "just reason for delay" under Rule 54(b).  At the very least, a combination of the three factors discussed above are sufficient to create a "just reason for delay," particularly in light of the Third Circuit's longstanding policy disfavoring piecemeal appeals.  Sussex, 920 F.2d at 1153 ("Disfavoring piecemeal appeals is a longstanding policy of the federal courts.").

## **CONCLUSION**

For the reasons stated above, this Court finds that Plaintiffs have failed to demonstrate that there is no just reason for delay in order to grant Plaintiffs' motion.  See Curtiss-Wright, 446 U.S. at 8.  Thus, Plaintiffs' motion for an order, pursuant to FED. R. CIV. P. 54(b), certifying this Order as a final judgment for immediate appeal is denied.  Further, because Plaintiffs' motion is denied, Plaintiffs' request to stay discovery pending the appeal is denied as moot.


Dated: April 14, 2007

                               S/Joseph A. Greenaway, Jr.
                               JOSEPH A. GREENAWAY, JR., U.S.D.J.

9