**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____
                         :

| | |
|---|---|
| VICTOR ZAVALA, EUNICE GOMEZ, ANTONIO FLORES, OCTAVIO DENISIO, HIPOLITO PALACIOS, CARLOS ALBERTO TELLO, MAXIMILIANO MENDEZ, ARTURO ZAVALA, FILIPE CONDADO, LUIS GUTIERREZ, DANIEL ANTONIO CRUS, PETR ZEDNEK, TERESA JAROS, JURI PFAUSER, HANA PFAUSEROVA, PAVEL KUNC and MARTIN MACAK, on behalf of themselves and all others similarly situated, : | Civil Action No. 03-5309 (JAG) |
| Plaintiffs, : | **OPINION** |
| v. : | |
| WAL–MART STORES, INC., : | |
| Defendant. : | |

_____:

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on the motion for Reconsideration by plaintiffs Victor Zavala, Eunice Gomez, Antonio Flores, Octavio Denisio, Hipolito Palacios, Carlos Alberto Tello, Maximiliano Mendez, Arturo Zavala, Filipe Condado, Luis Gutierrez, Daniel Antonio Crus, Petr Zednek, Teresa Jaros, Juri Pfauser, Hana Pfauserova, Pavel Kunc, and Martin Macak (collectively, the "Plaintiffs").  Plaintiffs seek Reconsideration of this Court's Opinion (Docket Entry No. 191), dated September 25, 2008, in which this Court ruled in favor of defendant Wal-

mart Stores, Inc. ("Defendant").  In the Opinion this Court determined that for the purposes of this collective action only those claimants who completed the court-ordered questionnaire ("Second Questionnaire") may be taken into account when determining final certification.  In addition, Plaintiffs ask this Court to reconsider its determination that the information provided on the Second Questionnaire rebuts the "rebuttable presumption" that an employee's salary was intended to compensate for a forty-hour work week.  For the reasons set forth below, the motion for Reconsideration shall be denied.

## I. <u>BACKGROUND</u>

This action involves a wage and hour dispute filed by Plaintiffs against Defendant. Previously, the parties jointly requested that this Court rule on two legal questions pertaining to this conditional collective action.  The first question was whether the individuals who failed to submit responses to the Fair Labor Standards Act ("FLSA") questionnaire negotiated by the parties and ordered by this Court (the Second Questionnaire) should be excluded from the collective action.  (<u>Zavala et al. v. Wal-Mart Stores, Inc.</u> at 2, Docket Entry No. 191.)  The second question was what is the proper method for calculating the claimants' "regular rate of pay," pursuant to the FLSA and its applicable regulations.  (<u>Id.</u> at 8.)

In an Opinion dated September 25, 2008, this Court ruled in Defendant's favor on both questions.  Specifically, this Court determined that only those claimants who completed the Second Questionnaire may be taken into account when determining final certification of this action, and that for the purposes of calculating claimants' regular rate of pay, the information provided on the Second Questionnaire rebuts the "rebuttable presumption" that the salary of these employees was intended to compensate for a forty-hour work week.

2

Plaintiffs filed this motion for Reconsideration asserting that this Court's ruling substantially ignores or misinterprets operative facts and law.

## II.  <u>LEGAL STANDARD</u>

A motion to reconsider, pursuant to FED. R. CIV. P. 59(e) and L. CIV. R. 7.1(i), is "an extremely limited procedural vehicle," and requests pursuant to these rules are to be granted "sparingly."  <u>P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.</u>, 161 F. Supp. 2d 349, 353 (D.N.J. 1992) (citing <u>Maldonado v. Lucca</u>, 636 F. Supp. 621, 630 (D.N.J. 1986)).  The Third Circuit has held that the purpose of a motion to reconsider is to "correct manifest errors of law or fact or to present newly discovered evidence."  <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906, 909 (3d Cir. 1985), <u>cert. denied</u>, 476 U.S. 1171 (1986).

A court may grant a motion to reconsider only if the moving party shows either: (1) an intervening change in the controlling law; (2) the existence of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  <u>See</u> <u>N. River Ins. Co. v. CIGNA Reinsurance Co.</u>, 52 F.3d 1194, 1218 (3d Cir. 1995).  To satisfy its burden, the moving party must show "dispositive factual matters or controlling decisions of law" that were brought to the court's attention but not considered.  <u>P. Schoenfeld Asset Mgmt. LLC</u>, 161 F. Supp. 2d at 353; <u>see also</u> <u>Pelham v. United States</u>, 661 F. Supp. 1063, 1065 (D.N.J. 1987).  "The motion may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached."  <u>P. Schoenfeld Asset Mgmt., L.L.C.</u>, 161 F. Supp. 2d at 352.  "A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and argument considered by the court before rendering its original decision fails to carry the moving party's

burden.'" Id. (quoting G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990) (internal citations omitted)).

The "proper ground for granting a motion to reconsider, therefore, is that the matters or decisions overlooked, if considered by the court, 'might reasonably have altered the result reached.'" G-69, 748 F. Supp. at 275 (quoting New York Guardian Mortgagee Corp. v. Cleland, 473 F. Supp. 409, 420 (S.D.N.Y. 1979)).

### III.  ANALYSIS

### I.      Exclusion of Certain Individuals From Recovery

As the basis for this motion for Reconsideration, Plaintiffs argue that this Court ignored or misinterpreted operative facts and law in rendering its Opinion of September 25, 2008.  See N. River Ins. Co., 52 F.3d at 1218, in which the Third Circuit held that the need to correct a clear error of law or fact is grounds for a motion for reconsideration under Rule 59(e).[1]  Plaintiffs argue that Defendant was bound to the recordkeeping requirements of the FLSA, but failed to preserve employment records pertaining to the time worked by janitors who now assert FLSA claims. Plaintiffs state the only reason the Second Questionnaire was needed was to provide core information concerning the janitors' FLSA claims that the Defendant failed to maintain adequate employment records, as required by law.  Plaintiffs cite to Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946) for the proposition that a party is estopped from failing to preserve employment records, as required by law, and then rely on the absence of those records to defeat a FLSA claim.  Plaintiffs' statement of the law is summed up by the following passage from the

---

[1]  Plaintiffs do not argue, as the basis of this motion for reconsideration, that there has been a change in the controlling law or that there is new evidence that was not available when this Court issued its Opinion.

Supreme Court's opinion in <u>Anderson</u>:

> The solution, however, is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work. Such a result would place a premium on an employer's failure to keep proper records in conformity with his statutory duty; it would allow the employer to keep the benefits of an employee's labors without paying due compensation as contemplated by the Fair Labor Standards Act. In such a situation we hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. <u>Id.</u> at 687-88.

Plaintiffs also advance the argument that where an employer fails to maintain records, an employee suing for uncompensated wages has a low burden in showing that overtime is due. <u>See Reich v. Gateway Press, Inc.</u>, 13 F.3d 685, 701 (3d Cir. 1994). Plaintiffs assert that the employees have met their burden in showing that they are entitled to back wages. Plaintiffs ask this Court to consider that once the claimants have met their burden of persuasion, the burden shifts to Defendant to provide evidence of the amount of work performed or to rebut the evidence offered by Plaintiffs. Plaintiffs argue that Defendant has failed to rebut the evidence offered by employees in support of their contention that they are entitled to back wages.

Plaintiffs also contend that previous declarations, sworn by individuals who have been excluded from this litigation for their failure to submit the Second Questionnaire, should be treated as legal substitutes for the Second Questionnaire because the declarations include substantially the same information as required by the Second Questionnaire. Plaintiffs point specifically to seven declarants (Daniel Antonio Cruz, Antonio Flores, Martin Macak, Ervin Macak, Maximino Mendez, Ernesto San Juan Alfonso, and Stanislav Skubal) who have been

5

barred from any recovery for their failure to submit the Second Questionnaire.

Plaintiffs also ask this Court to reconsider its decision to exclude individuals who provided a Second Questionnaire after October 1, 2007–the date agreed upon by the parties and stipulated as the deadline by Judge Arleo. Plaintiffs enumerate several individuals who they acknowledge failed to submit the Second Questionnaire by the agreed upon deadline and were thus barred from recovery in this action. This group of individuals includes: Steve Valentine, Juan Miguel Cantu, Harold Davis II, and Ryszard Stefanski–who submitted the Second Questionnaire on June 8, 2008. Plaintiff argues that although those individuals submitted late questionnaires, they should not be barred from this action because the Defendant is not in any way prejudiced by the late submissions.

In addition, Plaintiffs argue that 75 individuals who completed similar questionnaires, although not the Second Questionnaire, should not be barred from this action. The crux of Plaintiffs' argument on this score is that the questionnaires these individuals submitted contain substantially similar information. Plaintiffs argue that contrary to the facts articulated in this Court's September 25, 2008 Opinion, the original questionnaires submitted by these individuals were not (1) unilaterally controlled by the Plaintiffs' counsel; (2) were not unsigned, unsworn, and unverified; and (3) did not contain vague and/or contradictory information.

Plaintiffs advance here many of the same arguments this Court considered before it issued its decision in the September 25, 2008 Opinion. "A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and argument considered by the court before rendering its original decision fails to carry the moving party's burden.'" P. Schoenfeld Asset Mgmt., L.L.C., 161 F. Supp. 2d at 352. Plaintiffs have not offered

6

new legal precedent that would change this Court's view of the issues in this case.

Defendant argues that this Court ordered the parties to confer and agree on a questionnaire to obtain the core information necessary to determine whether claimants are similarly situated and thus entitled to collective treatment of their alleged wage claims. Defendant notes that this Court ordered–and Plaintiffs agreed to–the use of the Second Questionnaire in order to streamline the discovery process. Plaintiffs were also given more than two years to obtain and to produce the required responses to the questionnaire. Defendant argues that Plaintiffs cannot now assert that the Second Questionnaire is unfair or that Defendant would benefit from its alleged failure to maintain employment records when Plaintiffs understood when they agreed to the use of the Second Questionnaire that Defendant would not make records of employees' hours worked available.

At the final certification stage, after the completion of class-related discovery, "the [c]ourt makes a decision on final certification based upon a 'specific factual analysis of each employee's claim to ensure that each claimant is an appropriate party. Plaintiffs bear the burden of showing they are similarly situated to the proposed class.'" Stillman v. Staples, Inc., No. 07-849, 2008 WL 1843998, at *3 n.15 (D.N.J. Apr. 22, 2008) (citing Bosley v. Chubb Group, No. 04-4598, 2005 WL 1334565, at *2; Herring v. Hewitt Assoc., Inc., No. 06-267, 2007 WL 2121693, at *3). The court, applying a stricter standard, should examine the full factual record against various factors, including the "disparate factual and employment settings of the individuals [sic] plaintiffs, the various defenses available to defendants, and fairness and procedural considerations." Id. (citing Lusardi v. Xerox Corp., 118 F.R.D. 351, 359 (D.N.J. 1987)). Specifically, courts examine the employees' duties, responsibilities, salary, and time spent performing administrative tasks. Id.

7

"To succeed in obtaining final certification, the plaintiff must make a showing that the nature of the work performed by other claimants is at least similar to [their] own." Id.

The Second Questionnaire is the vehicle by which both parties have agreed that this Court is to determine which potential claimants are similarly situated for the purposes of this action. Plaintiff cannot, after agreeing to the use of the Second Questionnaire, now assert that the use of the Second Questionnaire is a violation of the FLSA.

This Court notes that in an Order dated April 4, 2007, Magistrate Judge Arleo directed Plaintiffs to "produce completed FLSA questionnaires for each claimant who intends to pursue claims[.]" (Docket Entry No. 153.)  As stated in the Opinion of September 25, 2008, were this Court to permit potential claimants to pursue claims without completing the Second Questionnaire it would be contrary to Magistrate Judge Arleo's directive.  The April 4, 2007 Order constitutes an exercise of this Court's discretionary authority to "manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure."  FED. R. CIV. P. 16(f)(1)(C) provides that, "[o]n motion or on its own the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii) -(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order."  Fed. R. Civ. P. 37(b)(2)(A)(v) states that, if a party "fails to obey an order to provide or permit discovery, . . . "the court may issue a just order, including "dismissing the action or proceeding in whole or in part[.]"  The decision to exclude those individuals who did not comply with Judge Arleo's directive is an exercise of this Court's discretion.

Since no new issues of law or fact have been presented to this Court to necessitate a

change, this Court declines to change its decision contained in the Opinion of September 25, 2008 regarding which individuals are to be excluded from pursuing class claims in this action.

## II.    Calculating Overtime Wages

Plaintiffs misstate this Court's ruling in the September 25, 2008 Opinion concerning the rebuttable presumption that employee salaries are intended to compensate for a 40 hour work-week.  As noted in the Opinion this Court declines to state conclusively whether it adopts or rejects the "rebuttable presumption" doctrine articulated by the District Courts of the Southern District of New York (Zavala et al. v. Wal-Mart Stores, Inc. at 10, Docket Entry No. 191.)  This Court is not bound by the precedents of the Southern District of New York and declines to adopt the rebuttable presumption doctrine at this time.

The Opinion provides that Plaintiffs *still* have an opportunity to present evidence showing that the parties understood the weekly salary to cover only 40 hours.  Until such additional evidence is produced, however, this Court will rely on the responses to the Second Questionnaire and will draw any reasonable inferences that can be drawn from the information contained therein in order to determine the number of hours the salary was intended to compensate.  While the Second Questionnaire may not have addressed directly the number of hours the salary was intended to compensate, certain inferences can be drawn from the responses to the Second Questionnaire.  As stated in the September 25, 2008 opinion, this Court finds that the evidence provided by the respondents to the Second Questionnaire is sufficient to rebut a presumption that there was an understanding between Defendant and the Plaintiffs that employee salaries were based on a forty hour work week.

**IV.  <u>CONCLUSION</u>**

For the reasons stated above, Defendant's motion for reconsideration of this Court's

September 25, 2008 Opinion is denied.

 S/Joseph A. Greenaway, Jr.                    
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Date: June 8, 2009