NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VICTOR ZAVALA, EUNICE GOMEZ, ANTONIO FLORES, OCTAVIO DENISIO, HIPOLITO PALACIOS, CARLOS ALBERTO TELLO, MAXIMILIANO MENDEZ, ARTURO ZAVALA, FILIPE CONDADO, LUIS GUTIERREZ, DANIEL ANTONIO CRUS, PETR ZEDNEK, TERESA JAROS, JURI PFAUSER, HANA PFAUSEROVA, PAVEL KUNC, and MARTIN MACAK, on behalf of themselves and others similarly situated,<br><br>      Plaintiffs,<br><br>    v.<br><br>WAL-MART STORES, INC.,<br><br>      Defendant. | Civ. No. 03-5309 (GEB)<br><br>**MEMORANDUM OPINION** |

**BROWN, Chief Judge**

  This matter comes before the Court upon the motion of plaintiffs Teresa Jaros and Petr Zednik ("plaintiffs") for an adjournment of the trial date and/or to allow trial testimony by video transmission. (Doc. No. 223.) Defendant Wal-Mart Stores, Inc. ("Defendant") opposes plaintiffs' motion. The Court has decided this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, plaintiffs' motion will be granted in part and denied in part.

**I.  BACKGROUND**

  In light of the trial date of November 29, 2010, on October 7, 2010, Magistrate Judge

Madeline Cox Arleo entered an Order To Show Cause why the second amended complaint of plaintiffs should not be involuntarily dismissed, due to their immigration status and resulting inability to appear for trial, pursuant to Federal Rule of Civil Procedure 41(b), and based on the factors enunciated by the Third Circuit in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984).  See Adegbuji v. Middlesex County, 347 F. App'x 877 (3d Cir. Oct. 9, 2009).  On October 21, 2010, plaintiffs filed a responsive submission and the instant motion, seeking an adjournment of the trial and/or to allow testimony by video transmission.  On November 1, 2010, defendant filed its opposition.

This action involves a wage and hour dispute filed by plaintiffs under the Fair Labor Standard Act ("FLSA"), 29 U.S.C. §216(b) .  On December 29, 2004, then District and now Circuit Judge, Joseph A Greenaway, Jr., conditionally certified this action as a collective action under the FLSA.  By Opinion and Order dated June 25, 2010, this Court denied plaintiffs' motion for class certification and granted defendant's cross-motion for decertification.

Thereafter, the parties engaged in a settlement conference before Magistrate Judge Madeline Cox Arleo.  Except for plaintiffs Petr Zednik and Teresa Jaros, all remaining plaintiffs either settled or abandoned their claims.  Mr. Zednik, a national of the Czeck Republic, currently resides in Amsterdam, the Netherlands.  Ms. Jaros, a Polish national, currently resides in Poland (Linsey Dec., Ex. A at 4)  Presently neither is permitted to re-enter this country and appear for trial.  Id.

## II.   DISCUSSION

In response to the Order To Show Cause, plaintiffs seek an adjournment of the trial date

to allow the plaintiffs to obtain a visa and/or humanitarian parole[1] to reenter the United States for trial.  Mr. Zednik was unlawfully in the United States for one year and was ordered removed from the United States "on or about October 30, 2007."[2]  Id.  Ms. Jaros also left the United States and is not eligible for re-entry.  Id.  Both plaintiffs have requested an expedited consideration of their applications.  They do not indicate how long they anticipate the processing of their respective applications will take.

Defendant opposes any postponement of the trial date and seeks dismissal of plaintiffs' claims pursuant to Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984), primarily due to their inability to appear for trial and the prejudice defendant would suffer from any further delay.

In Adegbuji v. Middlesex County, 347 F App'x 877, 2009 WL 3236044 (3d Cir. 2009), the Third Circuit affirmed the dismissal of a civil rights case pursuant to Poulis under similar circumstances.  Plaintiff there was deported to Nigeria and was unable to appear for trial.  The district court granted the plaintiff's request to adjourn the trial date for ninety (90) days in order to seek permission to re-enter the United States.  Although the plaintiff's application was still pending when the second trial date approached, the Court dismissed his claims, allowing him a six-month window during which he could move to reopen the proceedings should he receive permission to reenter.

---

[1] Plaintiffs also seek an adjournment of the trial so that the Court can rule on the pending summary judgment motion.  Notably, although their case has been pending for seven years, plaintiffs did not file their summary judgment motion until October 20, 2010, after the Order to Show Cause was entered and a trial date set.

[2] Despite the fact that neither plaintiff believes he or she would be granted a visitor visa, they both "plan" to apply for such visa. (Linsey Dec., Ex. A at 4 n.3)

On appeal, the Third Circuit noted that all six <u>Poulis</u> factors were not met. Nonetheless, given "the protracted proceedings which [had] transpired below, the numerous opportunities the district court provided Appellant to obtain permission to re-enter the United States, the length of time which has transpired since the Appellants' Complaint was filed and the district court's assessment of the prejudice to Appellees and the lack of alternative sanctions," the Third Circuit affirmed the dismissal.

As in <u>Adegbuji</u>, it appears that many of the <u>Poulis</u> factors are present here. There is potential prejudice to defendant if the trial is delayed any further. The claims have been pending for more than seven years and involve working conditions at Wal-Mart stores in 2002 and 2003. As conceded by plaintiffs in their recently filed summary judgment motion, memories have faded with time: "[plaintiffs] believe that they [were given certain Wal-Mart items in 2002 and 2003], <u>though they cannot be certain after all this time</u>." (Doc. No. 222). Moreover, it appears that plaintiffs are personally responsible for the delay. While their deportation occurred over three years ago, they made no efforts to gain re-entry into the United States until two weeks ago, after a trial date was set. In addition, since the issue is plaintiffs' appearance at trial, no less restrictive sanctions would be appropriate.

### III. CONCLUSION

Out of an abundance of caution, and guided by <u>Adegbuji</u>, the Court will grant plaintiffs' request to adjourn the trial for ninety (90) days to allow plaintiffs an opportunity to obtain permission to re-enter the United States to appear for trial. The Order to Show Cause is carried until February 8, 2011. Plaintiffs shall file any written submissions regarding the status of their applications to obtain re-entry into the United States by January 24, 2011; any responsive papers

shall be filed by February 1, 2011.  Since the Court has provided plaintiffs with additional time to obtain re-entry, it does not reach, at this time, whether participation at trial by video conference is appropriate.

Dated: November 8, 2010

                                                                        /s/ Garrett E. Brown, Jr.
                                              GARRETT E. BROWN, JR., U.S.D.J.