NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| VICTOR ZAVALA, ET AL., : | |
| : | |
| Plaintiffs, : | |
| : | Civ. No. 03-5309 (GEB) |
| v. : | |
| : | **MEMORANDUM OPINION** |
| WAL-MART STORES, INC., : | |
| : | |
| Defendant. : | |

**BROWN, Chief Judge**

This matter comes before the Court upon the motion for summary judgment and for partial summary judgment filed by Plaintiffs Teresa Janos ("Janos") and Petr Zednik ("Zednik") (collectively "Plaintiffs") on October 20, 2010. (Doc. No. 222) Defendant Wal-Mart Stores, Inc. ("Wal-Mart") opposes Plaintiffs' present motion. (Doc. No. 228) The Court has considered the parties' submissions and decided this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. Having done so, Plaintiffs' motion will be denied for the reasons that follow.

**I.     BACKGROUND**

Plaintiffs' present motion was filed without leave after nearly seven years of complex litigation, three years after the close of discovery, and approximately six weeks before this case's then-scheduled trial date of November 29, 2010. As the Court writes only for the parties, who are familiar with this case's lengthy procedural history and detailed factual background, the Court will here summarize only that information relevant to the Court's decision in the present

matter.

Distilled to fundamentals, Plaintiffs allege that they were employed by a variety of third-party corporations that contracted with Wal-Mart to provide overnight cleaning services at various Wal-Mart stores across the United States. Plaintiffs further allege that the third-party entities for which they worked were merely "shell" corporations whose actual purpose was to provide frequently undocumented and underpaid personnel to clean Wal-Mart's stores after-hours. Plaintiffs further allege that at times, they were confined in the Wal-Mart stores they were assigned to clean. Based upon these allegations, Plaintiffs assert that Wal-Mart was their "employer" pursuant to the terms of 29 U.S.C. Sections 201-219, the Fair Labor Standards Act ("FLSA"), and that Wal-Mart's actions violated certain FLSA provisions. Additionally, Plaintiffs allege that their confinement in various Wal-Mart stores amounts to the common law tort of false imprisonment.

In their present motion, Plaintiffs seek summary judgment on their FLSA claims and seek partial summary judgment regarding Wal-Mart's liability to Plaintiffs for tortuous false imprisonment. Wal-Mart opposes Plaintiffs' present motion on two grounds: (1) that Plaintiffs' motion is procedurally improper; and (2) that various disputed material facts preclude summary judgment on any of Plaintiffs' claims. Having considered the parties' submissions, the Court agrees with both of Wal-Mart's arguments and will deny Plaintiffs' present motion.

## II.     DISCUSSION

### A.     Legal Standard

A party seeking summary judgment must "show that . . . [it] is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The threshold inquiry is whether there are "any genuine

factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (noting that no issue for trial exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in its favor). The moving party carries the burden of showing "the absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In countering a motion for summary judgment, the nonmoving party has the burden of "showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e)(2). The nonmoving party "may not rely merely on allegations or denials" but must present "specific facts." *Id.*; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) ("[nonmoving party] must do more than simply show that there is some metaphysical doubt as to the material facts"). In deciding whether triable issues of fact exist, the court must view the underlying facts and draw all reasonable inferences in favor of the nonmoving party. *Id.* at 587; *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995).

    **B.**    **Application**

        *1.*    *Plaintiffs' FLSA Claims*

In support of Plaintiffs' present motion for summary judgment on their FLSA claims, Plaintiffs argue that there is no reasonable dispute as to: (1) Wal-Mart's status as Plaintiffs "employer" for purposes of the FLSA; (2) that Wal-Mart's alleged violations of the FLSA were "willful"; (3) that Wal-Mart did not pay Plaintiffs overtime; and (4) Plaintiffs' damages arising from Wal-Mart's alleged FLSA violations. Wal-Mart opposes each of Plaintiffs' foregoing contentions, and in doing so, presents not only its own evidence, but also highlights various statements made by Plaintiffs in their depositions, as well as other contrary evidence submitted

by Plaintiffs. When this evidence is considered in light of the applicable summary judgment standard, the Court must conclude that material issues of fact exist as to each of Plaintiffs' foregoing contentions. Plainly, the billing records submitted by Wal-Mart raise genuine issues of fact as to: (1) Wal-Mart's status as "employer" pursuant to the FLSA; (2) that Wal-Mart's alleged violations of the FLSA were "willful"; and (3) that Wal-Mart did not pay Plaintiffs overtime. Axiomatically, then, the existence or quantum of any damages under the FLSA is also in dispute. Further, the Court notes the various inconsistent statements made by Plaintiffs in their depositions which, viewed in the light most favorable to Wal-Mart, cast doubt upon the viability of Plaintiffs' FSLA claims. As a result, Plaintiffs' motion for summary judgment on their FLSA claims will be denied.

### 2.   *Plaintiffs' False Imprisonment Claims*

Plaintiffs seek partial summary judgment as to Wal-Mart's liablity for the tort of false imprisonment. The Court concludes that robust discussion of this aspect of Plaintiffs' motion is not warranted. Simply put, as Wal-Mart forcefully argues in its opposition brief, various disputed or undisputed facts viewed in the light most favorable to Wal-Mart militate the Court's conclusion that reasonable finders of fact could decide the issue of Wal-Mart's liability for false imprisonment differently. A sampling of the more relevant disputed or undisputed facts include: (1) Plaintiffs' repeated return to the stores where they were allegedly confined; (2) Wal-Mart's non-denial of access to emergency exits to Plaintiffs; and (3) no clear instance of actual or threatened physical force by Wal-Mart. As such, Plaintiffs' motion for partial summary judgment as to their false imprisonment claim will be denied.

### 3.   *Defendant's Procedural Argument*

In its opposition brief, Wal-Mart also argues that Plaintiffs' motion should be denied because it is procedurally improper. The Court agrees. As noted, Plaintiffs' present motion was filed approximately three years after the close of fact discovery in this case, and six weeks prior to this case's then-scheduled trial date. As Wal-Mart identifies, FED. R. CIV. P. 56(c)(1)(A) states that "a party may move for summary judgment at any time *until 30 days after the close of all discovery*". (Emphasis added). Therefore, based on the plain language of this rule, Plaintiffs' present motion is untimely by a matter of years. In their reply brief, Plaintiffs utterly fail to mitigate this clear procedural breach by arguing that the 2009 amendments to FED. R. CIV. P. 56 were not in effect when discovery closed in this case. Undisputably, however, the 2009 amendments were in effect on October 20, 2010, when Plaintiffs' filed their present motion. Therefore, at a minimum, Plaintiffs should have sought leave from the Court before filing the present motion. Plaintiffs' failure to do so in this case, in light of the duration of time between the close of discovery, the filing of this motion, and the then-pending trial date, compels the Court's decision to deny Plaintiffs' motion as untimely pursuant to FED. R. CIV. P. 56(c)(1)(A).

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' present motion for summary judgment will be DENIED. An appropriate form of order accompanies this memorandum opinion.

Dated: November 30, 2010

                                                  /s/ Garrett E. Brown, Jr.
                                                  GARRETT E. BROWN, JR., U.S.D.J.