UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VICTOR ZAVALA, et al.,<br><br>                      Plaintiffs,<br>v.<br><br>WAL-MART STORES, INC.,<br><br>                      Defendant. | CIVIL ACTION NO. 03-CIV-05309 (GEB)<br><br>DOCUMENT ELECTRONICALLY FILED<br><br>**MEMORANDUM IN SUPPORT OF JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS CLAIMS OF FELIPE CONDADO, EUNICE GOMEZ, JIRI PFAUSER, HANA PFAUSEROVA, CARLOS TELLO, AND VICTOR ZAVALA TORRES** |

      Plaintiffs Felipe Condado, Eunice Gomez, Jiri Pfauser, Hana Pfauserova, Carlos Tello, and Victor Zavala Torres ("the Settling Plaintiffs") and Defendant Wal-Mart Stores, Inc. (together, "the Parties"), through counsel of record, respectfully submit this Memorandum in Support of Joint Motion to Approve Settlement and Dismiss Claims of Felipe Condado, Eunice Gomez, Jiri Pfauser, Hana Pfauserova, Carlos Tello, and Victor Zavala Torres.

      The Parties hereby jointly move for the Court to approve the settlement of any and all claims asserted by or on behalf of the Settling Plaintiffs at any time in this proceeding, as embodied in the Settlement Agreements attached as Exhibit A hereto. The Settlement Agreements were reached through several months of settlement discussions under the Court's supervision. Each of the Settlement Agreements is a fair, reasonable, and adequate resolution of a bona fide dispute of claims arising from the Settling Plaintiffs' alleged work on third-party floor maintenance crews in Wal-Mart stores.

      Plaintiffs initially filed this case in November 2003 as a putative class action alleging Racketeer Influenced and Corrupt Organizations Act ("RICO"), RICO conspiracy, civil rights,

Fair Labor Standards Act ("FLSA") and false imprisonment counts.[1] At all times Wal-Mart has denied that it has any liability as to any plaintiff or putative opt-in participant. The Court has supervised settlement discussions between the Parties at various times since this case was filed, including in settlement conferences on August 11, 2010 and October 1, 2010. Pursuant to the Court's instructions at the August 11, 2010 settlement conference, on August 27, 2010, Wal-Mart provided to plaintiffs' counsel settlement offer letters for each of the ten remaining plaintiffs. On September 27, 2010, plaintiffs' counsel reported acceptances of the settlement offers by Felipe Condado, Octavio Denicia, Eunice Gomez, Jiri Pfauser, Hana Pfauserova, and Victor Zavala Torres.[2] Plaintiffs' counsel subsequently advised that plaintiff Carlos Tello accepted the settlement terms offered. Plaintiffs' counsel reported that named plaintiffs Petr Zednik and Teresa Jaros rejected the respective settlement offers addressed to them.

The Settlement Agreements embody the same payment amounts and other material terms as the settlement offer letters provided under the Court's supervision and accepted by the Settling Plaintiffs. Each Settlement Agreement provides for payment of a one-time Settlement Sum that includes (1) a payment to plaintiff in the amount of the respective plaintiff's alleged overtime damages (as documented in the offer letters provided to each Settling Plaintiff), and (2) a payment of $20,000 as reasonable attorneys' fees and costs payable to plaintiffs' legal counsel, Garcia and Kricko. (The $20,000 payment to Garcia and Kricko provided in each Settlement Agreement is non-exclusive; that is, a single payment of $20,000 is to be made to Garcia and Kricko for reasonable attorneys' fees and costs.) Wal-Mart will withhold taxes as appropriate

---

[1] The civil rights count was dismissed with prejudice on October 7, 2005, and the RICO and RICO conspiracy counts were dismissed with prejudice on August 28, 2006. On June 25, 2010, the Court decertified the conditional collective action.

[2] Plaintiffs' counsel reported that they were unable to reach Hipolito Palacios. Mr. Denicia has not executed a settlement agreement, but counsel indicated on March 8, 2011 that he is continuing to try to reach Mr. Denicia. Wal-Mart intends to seek involuntary dismissal of the claims of Mr. Palacios (and Mr. Denicia, if he is not reached), due to counsel's inability to find them despite diligent efforts.

and will issue any paperwork to the IRS as required under federal law.

The Settlement Agreements were reached under the Court's supervision and represent a fair and reasonable resolution of the Settling Plaintiffs' respective claims in this proceeding. *See Lignore v. Hosp. of the Univ. of Pa.*, Civ. No. 04-5735, 2007 U.S. Dist. LEXIS 32169, at *13-14 (E.D. Pa. May 2, 2007) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)). With respect to the FLSA claims, there is a bona fide dispute as to the amount of compensation due to the Settling Plaintiffs and whether Wal-Mart was the Settling Plaintiffs' joint employer. *See id.* Accordingly, the release of the Settling Plaintiffs' claims under the FLSA is valid and enforceable.

For the reasons stated herein, the Parties respectfully request that the Court approve the Settlement Agreements and dismiss the claims of the Settling Plaintiffs with prejudice.

                                              Respectfully submitted,

By:_____        By: /s/ Thomas H. Golden
                                                        Thomas H. Golden

Gilberto Garcia
GARCIA AND KRICKO                      WILLKIE FARR & GALLAGHER LLP
68 Summit Avenue                              787 Seventh Avenue
Hackensack, NJ 07601                     New York, NY 10019

Attorneys for Plaintiffs                       Of Counsel:

                                                      David P. Murray (admitted *pro hac vice*)
                                                      WILLKIE FARR & GALLAGHER LLP
                                                      1875 K Street, N.W.
                                                      Washington, D.C. 20006-1238

                                                      Attorneys for Defendant

Dated: March 11, 2011

<div style="display: flex;">

By:_____

James L. Linsey
Thomas N. Ciantra
COHEN, WEISS AND SIMON LLP
330 West 42nd Street
New York, NY 10036

By: /s/

Gilberto Garcia
GARCIA AND KRICKO
21 Main Street, Suite 350
Hackensack, NJ 07601

Attorneys for Plaintiffs

</div>

Respectfully submitted,

By:_____

Thomas H. Golden
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019

Of Counsel:

David P. Murray (admitted *pro hac vice*)
WILLKIE FARR & GALLAGHER LLP
1875 K Street, N.W.
Washington, D.C. 20006-1238

Attorneys for Defendant

Dated: March \_\_, 2011