CORRECTED COPY

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------- x
VICTOR ZAVALA, EUNICE GOMEZ, :
ANTONIO FLORES, OCTAVIO DENISIO, :
HIPOLITO PALACIOS, CARLOS ALBERTO :
TELLO, MAXIMILIANO MENDEZ, ARTURO : Civil Action No.
ZAVALA, FILIPE CONDADO, LUIS : 03-Civ.-5309 (GEB)
GUTIERREZ, DANIEL ANTONIO CRUS, PETR :
ZEDNEK, TERESA JAROS, JURI PFAUSER, :
HANA PFAUSEROVA, PAVEL KUNC and :
MARTIN MACAK, on behalf of themselves and :
all others similarly situated, :
 :
                           Plaintiffs, :
 :
       - against - :
 :
WAL-MART STORES, INC., :
 :
                           Defendant. :
------------------------------------------------------------------- x

**MEMORANDUM OF LAW IN RESPONSE TO SETTLEMENT MOTION
AND ACCOMPANYING PAPERS OF WAL-MART AND GARCIA AND KRICKO**

James L. Linsey*
Thomas N. Ciantra
COHEN, WEISS AND SIMON LLP
330 West 42nd Street
New York, New York 10036
(212) 563-4100

*Lead Counsel for Plaintiffs*

**TABLE OF CONTENTS**

                                                                                    **Page**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 1

I.      The Settlement Motion, Brief and Letter Include Statements That Are Erroneous, Misleading or Incomplete ................................................................................................ 1

II.     FLSA Settlements Are Carefully Scrutinized by Federal Courts Which Require Full Disclosure and Reject FLSA Settlements That Require Forbearance of Valuable Rights or Exchange of Another Valuable Consideration of Any Kind. ............................................ 4

        A.     The Settlement Motion and Proposed Settlement Agreements Are Filed Now to Conceal Information From the Settling Plaintiffs ..................................................... 7

        B.     The Settlement Motions and Proposed Settlement Agreements Unlawfully Require of Settling Plaintiffs Forbearance of Valuable Rights and/or to Exchange Other Valuable Consideration ................................................................................. 7

        C.     The Settlement Motion and Proposed Settlement Agreements Do Not Provide Plaintiffs With Reasonable Attorneys Fees and Costs For CWS and Unlawfully Retaliate Against Plaintiffs For Pursuing Their FLSA Claims ............................... 8

CONCLUSION ............................................................................................................................... 9

## TABLE OF AUTHORITIES

Page

### FEDERAL CASES

*Barrentine v. Arkansas-Best Freight System*,
　　450 U.S. 728 (1981)......................................................................................................4

*Brooklyn Savings Bank v. O'Neil*,
　　324 U.S. 697 (1945)......................................................................................................4

*Brown v. Advantage Eng'g, Inc.*,
　　960 F.2d 1013 (11th Cir.1992) .....................................................................................5

*Dees v. Hydradry, Inc. ("Dees")*,
　　706 F. Supp. 2d 1227 (M.D. Fla. 2010)................................................................5, 6, 7

*Lignore v. Hosp. of the Univ. of Pa.*,
　　2007 WL. 1300733, (E.D. Pa.) .....................................................................................4

*Lynn's Food Stores v. U.S.*,
　　679 F2d 1350 (11th Cir. 1928) ..................................................................................4, 5

*Mitchell v. Robert DeMario Jewelry, Inc.*,
　　361 U.S. 288 (1960)......................................................................................................9

### DOCKETED CASES

*Zavala et al. v. Wal-Mart Stores, Inc.*,
　　Civil Action No. 10-cv-5301 *(*Filed October 14, 2010).....................................................3

### FEDERAL STATUTES

Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 et seq ......................................................1

FLSA, 29 U.S.C. §216(b) ...............................................................................................................5

Fed.R.Civ.P. 68...........................................................................................................................2, 3

Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§1961 et seq........7, 8

**PRELIMINARY STATEMENT**

Cohen, Weiss and Simon LLP ("CWS") and Lead Counsel do not oppose the settlement of claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 et seq., for the "Settling Plaintiffs"[1] insofar as the proposed settlements are for only the FLSA claims. But CWS and Lead Counsel respectfully request that the Court carefully scrutinize the proposed settlements and strike and/or modify certain provisions that extend beyond the FLSA claims or are otherwise in derogation of that law. Finally, CWS and Lead Counsel respectfully request that the Court delay issuing an Order for approximately six weeks.

**ARGUMENT**

**I.  The Settlement Motion, Brief and Letter Include Statements That Are Erroneous, Misleading or Incomplete**

As set out below, the Motion filed by defendant Wal-Mart Stores, Inc., and Garcia and Kricko on March 11, 2011, to approve settlements and dismiss claims, the accompanying Memorandum of Law, and the Letter that counsel for Wal-Mart sent by facsimile to the Honorable Madeline Cox Arleo that same day[2] are riddled with erroneous and misleading statements[3] and contain no discussion at all of the relevant case law on FLSA settlements. Indeed, in their sudden rush[4] to get the settlements approved by the Court, on March 8, 2011, counsel for defendant pressed Lead Counsel to sign off on papers *already signed* by defendant

---

[1] "Settling Plaintiffs" is defined in the Settlement Motion Brief to include only the following six plaintiffs: Filipe Condado, Eunice Gomez, Jiri Pfauser, Hana Pfauserova, Carlos Tello and Victor Zavala Torres.

2 Cited herein as "Settlement Motion", "Settlement Brief" or "Br." and "Settlement Letter", respectively.

[3] All facts stated here are supported by the Declaration of James L. Linsey, dated March 21, 2011, ("Linsey Decl.") and Exhibits ("Exs.") thereto.

4 After the last settlement conference on October 1, 2010, Lead Counsel repeatedly asked defendant's counsel to promptly send the settlement papers, but those requests were not honored and defendant's counsel waited *months* to send the papers because he was busy with other matters. Linsey Dec. Ex.A. On the other hand, the delay in obtaining notarized copies from the Czech Republic was unavoidable because of the distance and the very different role of a Notary in that civil law country.

1

and Mr. Garcia[5] that described one of the Settling Plaintiffs (Octavio Denesia) as missing, and stated "Wal-Mart intends to seek involuntary dismissal of the claims of … Mr. Denisio (sic) due to counsel's inability to find [him] *despite diligent efforts*."[6] But that was not the case at all; Lead Counsel was able to locate Mr. Denesia with little effort in just a few days and has already spoken to him about the settlement twice[7]. Lead Counsel asked defendant to hold off on the Settlement Motion until Denesia could be added, but defendant refused and, instead, filed the Settlement Motion[8] and dispatched the Settlement Letter to the Court by facsimile, requesting that the motion be approved "at the Court's earliest convenience."[9]

But after more than seven years of litigation, what is so critical about the motion return date of April 4, 2011? Might it be that defendant will very soon extend offers of judgment, pursuant to Fed.R.Civ.P. 68, to non-settling plaintiffs Petr Zednik and Teresa Jaros[10] which will *not* require them to give up their rights to appeal from adverse rulings on other claims in this case--highlighting for the Settling Plaintiffs and the Court the unfairness of defendant's demand for provisions that Lead Counsel respectfully asks the Court to strike here? Defendant

---

[5] Linsey Decl. Ex. B. "We have Gil Garcia's signature on the final joint motion papers … file once we have received the signed motion papers from you. We would like to file … by tomorrow at the latest. Please sign … at your earliest convenience."

[6] First Settlement Brief signed by Murray and Garcia at fn. 2 (emphasis added). Linsey Decl. Ex. C.

[7] Linsey Decl. ¶3.

[8] The Brief filed with the Settlement Motion on March 11, 2011 [Docket No. 251-1] was edited to advise the Court: "Mr. Denesia has not executed a settlement agreement, but counsel on March 8 that he is *continuing* to try to reach Mr. Denesia. Wal-Mart intends to seek involuntary dismissal of the claims of Mr. Palacios (and Mr. Denesia, if he is not reached), due to counsel's inability to find *them* despite diligent efforts." Br. at fn.2. (emphasis added). But that is misleading in that it fails to disclose that it was Lead Counsel who said he could easily locate Mr. Denesia and that it was only very recently that Lead Counsel learned of his "missing" status. Thus, Lead Counsel's action here was not "continuing" but, instead, started on March 8 and ended (successfully) a few days later.

[9] Linsey Decl. Ex. D at p. 1.

10 Lead counsel first learned of defendant's plan for offers of judgment on January 26, 2011. Linsey Declaration ¶6 and Ex.E. Upon information and belief, those offers will become a reality a matter of days from today.

should not be permitted to enlist this Court in its scheme to keep important information from the Settling Plaintiffs.

The Court should proceed with caution here for other reasons as well. The statement in the Settlement Letter representing to the Court that Mr. Garcia "is authorized to [sign the Settlement Motion (with Proposed Order) and Settlement Brief] and is authorized to do so [alone] on all of the settling plaintiffs' behalf…"[11] is false. Until now, defendant and the Court have been unaware[12] of the existence and terms of the Co-Counsel Agreement executed by Cohen, Weiss and Simon LLP and Garcia and Kricko.[13] That Co-Counsel Agreement designates James L. Linsey of Cohen, Weiss and Simon LLP as Lead Counsel in this action and prescribes that all decisions concerning the conduct of the litigation be made by consensus among co-counsel.[14] The Co-Counsel Agreement was provided to all plaintiffs,[15] including the Settling Plaintiffs, and made part of the Contingency Fee Agreement and Authorization signed by each of them.[16] As Lead Counsel, Mr. Linsey appeared and defended the Settling Plaintiffs at *all* depositions noticed by Wal-Mart,[17] often correcting significant errors of the Spanish interpreter

---

[11] Settlement Letter at 1; Linsey Decl. Ex.D.

[12] The Co-Counsel Agreement is attached as Linsey Decl. Ex. F. One of the terms of the Co-Counsel Agreement is that it would be kept confidential until such time as it needed to be enforced. *Id.* at ¶8.

[13] The Co-Counsel Agreement was also executed by Della Bahan of Bahan or Associates of Pasadena, California, but she withdrew as counsel in this case several months after it was filed. Linsey Decl. ¶7 and Ex. F; [Docket No. 22].

[14] The Co-Counsel Agreement further provides that any dispute concerning the breach, enforcement or interpretation of this Agreement shall first be submitted for mediation and, if unsuccessful, then to binding arbitration in accordance with the rules of the American Arbitration Association. Linsey Decl. Ex. F at ¶14.

[15] Linsey Decl. ¶8 and Ex. G.

[16] Linsey Decl. Exs. H-M at ¶9.

[17] Linsey Decl. Exs. L-P. Additionally, Lead Counsel also defended the depositions of the father and uncle of Settling Plaintiff Victor Zavala Torres (Victor Zavala Robles and Julio Cesar Zavala) Linsey Decl. Exs. S-T, putative plaintiffs who were not included in the Settlement and who were abandoned by Mr. Garcia. Cohen, Weiss and Simon LLP filed a new complaint naming them as individual named plaintiffs, together with 45 others. *Zavala et al. v. Wal-Mart Stores, Inc.,* Civil Action No. 10-cv-5301 (Filed October 14, 2010)

provided by defendant.[18]  Most recently, Lead Counsel located the "missing" Octavio Denesia and is presently acting here to protect his rights as well as the rights of all Settling Plaintiffs.

## II. FLSA Settlements Are Carefully Scrutinized by Federal Courts Which Require Full Disclosure and Reject FLSA Settlements That Require Forbearance of Valuable Rights or Exchange of Another Valuable Consideration of Any Kind

Recognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945).  Indeed, as the Supreme Court later explained, "FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate."  *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 740 (1981) (citations omitted).

Thus, compromise of claims under the FLSA, once completely prohibited by law, mandates special scrutiny by the courts--*even where there is agreement of all parties.  See Lignore v. Hosp. of the Univ. of Pa.,* 2007 WL 1300733 (E.D. Pa. 2007), *citing Lynn's Food Stores v. U.S.*, 679 F.2d. 1350 (11th Cir. 1982).  Although a private settlement and stipulation for dismissal ends the typical case without judicial intervention, statutory provisions and case law require the federal courts to carefully review the settlement of an FLSA claim.  *See Lynn's Food Stores, Inc.* 679 F.2d at 1353.

In *Dees v. Hydradry, Inc.* ("*Dees*"), 706 F.Supp.2d 1227 (M.D. Fla. 2010), decided just short of one year ago, a district court rejected the parties' settlement and joint

---

[18] *See* e.g. Ex. S at 96 correcting interpreter's error  "exchange it" to "cash it"; Ex. S at 111-112, Lns. 22-2 correcting interpreter's error "several times" to "sometimes"; Ex. O at 18-19, Lns. 23-3 correcting interpreter's error "January" to "June"; Ex. Q at 10-11, Lns. 14-10 correcting interpreter's error "folders" to "Carpet"; at 65-66, Lns. 9-4 correcting interpreter's error "passage" to "aisle".

4

stipulation for dismissal with prejudice, after careful review of the terms.  Relying heavily on *Lynn's Food Stores*, the district court instructed that the "Congressional purpose of the FLSA and the public's interest in the transparency of the judicial process decisively inform both the procedure and the standard applicable to a district court's review of an FLSA settlement."  *Dees*, 706 F.Supp.2d at 1227.

The FLSA corrects for the unequal bargaining power between employer and employee and imposes both a minimum wage and an overtime wage for employees.  *Id.* at 1232.  To ensure compliance with the overtime and minimum wage provisions, the FLSA provides that an employee may sue his employer and recover unpaid wages, an additional and equal amount as liquidated damages, and a reasonable attorney's fee.[19]

A statutory right conferred on a private party, but affecting the public interest, may not be waived or released if such waiver or release contravenes the statutory policy. Where a private right is granted in the public interest to effectuate a legislative policy, waiver of a right so charged or colored with the public interest will not be allowed where it would thwart the legislative policy which it was designed to effectuate.  See *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir.1992) ("Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case.").

An employee's compromise and release of FLSA rights is enforceable in only a narrow and confined circumstance; if employee sues his employer for back wages and the parties propose a compromise that resolves bona fide disputes and furthers the purposes of FLSA, and if the district court approves the compromise, then the employer obtains an enforceable release.

---

[19] The FLSA provides: "Any employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or the unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.... The court in [an action to recover under the FLSA] shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. §216(b).

But an employee's right to a minimum wage and overtime is *unconditional*, and the district court should countenance the creation of no condition, whether confidentiality or any other construct, that offends the purpose of the FLSA. An employer is obligated to pay unconditionally a minimum wage and overtime to the complainant and his fellow employees; the district court should not become complicit in any scheme or mechanism designed to confine or frustrate every employee's knowledge and realization of FLSA rights. Indeed, as the court in *Dees* warned:

> [I]f the parties' proposed "full compensation" agreement includes an additional term-such as the forbearance of a valuable right of the employee, including perhaps one of employee's FLSA rights, or the exchange of another valuable consideration of any kind-the notion of "full compensation" becomes illusory and inapplicable.[20]

To fully implement the policy embodied by FLSA, federal courts should scrutinize compromise in two steps: (1) determine whether the compromise is fair and reasonable to the employee, i.e., look at "internal factors," and if so, (2) determine whether compromise otherwise impermissibly frustrates implementation of FLSA using "external factors"; the court should approve compromise only if it is reasonable to the employee and furthers implementation of FLSA in the workplace.

---

[20] For example, the employer in an FLSA case might offer full monetary compensation to the employee for the FLSA claim but might require the employee to refrain from informing fellow employees about the result the employee obtained. Or the employer might require the employee to trim the shrubbery at the employer's home each weekend for a year. In either instance, the employee outwardly receives full monetary compensation for his unpaid wages, but effectively the additional term (the "side deal") confers a partially offsetting benefit on the employer.

As *Dees* instructs:

> [T]he district court must "scrutinize the settlement for fairness." To fully implement the policy embodied by the FLSA, the district should scrutinize the compromise in two steps. First, the court should consider whether the compromise is fair and reasonable to the employee (factors "internal" to the compromise). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors "external" to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

Under the present circumstances the proposed Settlement Agreement is not fair to the Settling Employees and, additionally, violates the FLSA and its public policies in at least three respects.

  A.  The Settlement Motion and Proposed Settlement Agreements Are Filed Now to Conceal Information From the Settling Plaintiffs

As explained in the case law set out above, the Court should not countenance defendant's filing which is timed to conceal important information from the Settling Plaintiffs. Here, it appears that the defendant's haste (which but for Lead Counsel may have resulted in dismissal of the claims of one of the Settling Plaintiffs with prejudice) is nothing more that a scheme to keep them from seeing the terms of offers of judgment that will be made to Petr Zednik and Teresa Jaros in a matter of days.  The Court should not participate in this scheme and, instead, should wait approximately six weeks to rule on the Settlement Motion.

  B.  The Settlement Motions and Proposed Settlement Agreements Unlawfully Require of Settling Plaintiffs Forbearance of Valuable Rights and/or to Exchange Other Valuable Consideration

Contrary to the FLSA and case law set out above, the Settlement Agreements require the Settling Plaintiffs to forfeit valuable rights, such the right to participate in any appeal of the Court's dismissals of other claims, e.g. their claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§1961 et seq.  Those appeal rights are of value

since plaintiffs argue that the Court's dismissal of those claims is contrary to the decisions of at least five U.S. Courts of Appeals.

      C.      The Proposed Settlement Agreements Do Not Provide Plaintiffs With Reasonable Attorneys Fees and Costs For CWS and Unlawfully Retaliate Against Plaintiffs For Pursuing Their FLSA Claims

Though it is undisputed that CWS and Lead Counsel directed this litigation for plaintiffs, drafted nearly all of the legal filings in this action, and assisted all of them in discovery responses, including defending them all at every deposition noticed by defendant, the Settlement Agreement does not include any provision for an award of attorneys' fees and costs to CWS. This is not an inadvertent omission.

During the settlement process, defendant's counsel offered to pay CWS a six-figure sum for attorneys' fees and costs. *See* Linsey Decl. ¶12. But that payment was conditioned on getting all of the named plaintiffs to agree to the settlement or, like Mr. Garcia, withdrawing from any further representation of them in this action. *Id.* That condition is contrary to the New Jersey Rules of Professional Conduct which provide:

> RPC 5.6 Restrictions on Right to Practice
>
> A lawyer shall not participate in offering or making:
>
>               * * *
>
> (b) an agreement in which a restriction on the lawyer's right to practice is part of the settlement of a controversy between private parties.

So, CWS refused the invitation of defendant's counsel and when Petr Zednik and Teresa Jaros refused to agree to the settlement offer (because they did not want to compromise their FLSA claims and give up their other appeal rights) defendant retaliated by withdrawing its offer of a specific amount of fees and costs for CWS. Linsey Decl. at 12  That is unlawful retaliation against Zednik and Jaros contrary to the FLSA. *See Mitchell v. Robert DeMario*

8

*Jewelry, Inc.,* 361 U.S. 288, 291 (1960) (broadly applying the retaliation prohibition in the FLSA to protect against conduct such as here).

## **CONCLUSION**

For the foregoing reasons the Court should delay approval of the Settlement Agreements for approximately six weeks and, strike and alter terms that are contrary to the FLSA.

Respectfully submitted,

/s/  James L. Linsey
James L. Linsey*
Thomas N. Ciantra
COHEN, WEISS AND SIMON LLP
330 West 42nd Street
New York, New York 10036
(212) 563-4100

Attorneys for Plaintiffs
*Lead Counsel for Plaintiffs

## **CERTIFICATE OF SERVICE**

This is to certify that copies of the foregoing corrected Memorandum Of Law In Response To Settlement Motion and Accompanying Papers of Wal-Mart and Garcia and Kricko was served by ECF and by First Class US Mail to the following:

> Gilberto Garcia, Esq.
> Garcia and Kricko
> Court Plaza South, West Wing, 3rd Floor
> 21 Main Street
> Hackensack, NJ 07601
>
> David P. Murray, Esq.
> Wilkie, Farr & Gallagher LLP
> 1875 K Street, NW
> Washington, DC  20006-1238

this 22nd day of March, 2011 at New York, New York.

> Respectfully submitted,
>
>  /s/ James L. Linsey
> James L. Linsey