NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| VICTOR ZAVALA, ET AL., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 03-5309 (GEB) |
| WAL-MART STORES, INC., | ) ) | **MEMORANDUM OPINION** |
| Defendant. | ) ) ) | |

**BROWN, Chief Judge**

This matter comes before the Court upon the motion for judgment on the pleadings, or in the alternative, for partial summary judgment filed by Defendant Wal-Mart ("Wal-Mart"). (Doc. No. 246) Plaintiffs Petr Zednik and Teresa Janos ("Plaintiffs") oppose Wal-Mart's present motion. (Doc. No. 247) The Court has considered the parties' submissions and decided this motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the following reasons, the Court will grant Wal-Mart summary judgment on Plaintiffs' false imprisonment claims.

**I.     BACKGROUND**

Wal-Mart's present motion was filed after nearly eight years of complex litigation. As the Court writes only for the parties, who are familiar with this case's lengthy procedural history and factual background, the Court will summarize only that information relevant to the Court's resolution of the present matter. Because the Court will address the merits of Wal-Mart's request

for partial summary judgment, in discussing the following relevant facts, the Court will draw all reasonable inferences in favor of Plaintiffs, the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Plaintiffs allege that they worked as part of overnight cleaning crews at Wal-Mart stores in Monroe, Georgia, and Bristol, Connecticut, in 2002 and 2003. (Def's L. Civ. R. 56 1 Statement "Def's Statement") ¶ 1; Pl.'s L. Civ. R. 56 1 Resp. ("Pls.' Statement" ¶ 1.) Plaintiffs further allege that Wal-Mart managers locked the storefront doors during Plaintiffs' overnight shifts. It appears undisputed that the stores in question were closed to the public overnight. Based upon these allegations, Plaintiffs assert that their confinement in the Monroe and Bristol stores constitutes the common law tort of false imprisonment. (Def's Statement ¶¶ 9-10; Pls.' Statement ¶¶ 9-10).

Wal-Mart asserts that managers lock the storefront doors overnight to "to provide security for personnel and the merchandise in the facility." (Def.'s 56(1) Statement ¶ 5; Wright Supp. Decl. ¶ 2; McDaris Supp. Decl. ¶ 2.) It appears undisputed that both stores contain several emergency exits through which personnel can exit safely if the front doors are locked. (Def.'s Br. at 12). Further, it appears both undisputed and indisputable that these emergency exits are required by law to be "clearly marked, easily accessible, and unobstructed." (Def.'s Br. at 13); see 29 C.F.R. § 1910.36. Indeed, Wal-Mart asserts that there are four emergency exits at the Monroe store, and fifteen emergency exits at the Bristol store. Plaintiffs have produced no evidence that effectively rebuts the existence of these exits, or that they were at any time in violation of the applicable regulations. As such, Plaintiffs have produced no evidence that indicates these exits were unmarked, inaccessible, or obstructed. (Def.'s 56(1) Statement ¶ 12-

13.)

In their present motion, Wal-Mart seeks judgment on the pleadings and alternatively, requests leave under FED. R. CIV. P. 6(b) to seek partial summary regarding Wal-Mart's liability to Plaintiffs for false imprisonment pursuant to FED. R. CIV. P. 56(a). Plaintiffs oppose Wal-Mart's motion on the ground that various disputed material facts preclude summary judgment on the false imprisonment claim. Having considered the parties' submissions, the Court will grant Wal-Mart partial summary judgment on Plaintiffs' false imprisonment claims.

## II. DISCUSSION

### A. Summary Judgment is Procedurally Appropriate

Wal-Mart has filed this motion pursuant to both Fed. R. Civ. P. 12 and 56. The Court expresses no opinion regarding the sufficiency of Plaintiffs' pleadings under the recently evolved Rule 12 pleading standards. Instead, the Court will assume *arguendo* that Plaintiffs' claims are sufficiently plead, and consider Wal-Mart's motion as one for partial summary judgment. To that end, the Court concludes that Wal-Mart has shown adequate grounds for "excusable neglect" pursuant to the analysis established in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993). Namely, there clearly is no prejudice to Plaintiffs, who have had nearly a decade to prepare their case, and the Court concludes that this motion would have been wasteful if filed sooner by Wal-Mart, because: (1) class-certification issues were pending; (2) settlement negotiations were ongoing (and were ultimately successful as to all but these Plaintiffs); and (3) until shortly before this motion was filed, Plaintiffs' claims were potentially subject to dismissal pursuant to an order to show cause issued by the Court. As such, Wal-Mart's motion for partial

summary judgment will be considered.

### B. Legal Standard

A party seeking summary judgment must "show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (noting that no issue for trial exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in its favor). The moving party carries the burden of showing "the absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In countering a motion for summary judgment, the nonmoving party must support its opposition by "citing to particular parts of materials in the record" or "show that the materials cited to not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) ("[nonmoving party] must do more than simply show that there is some metaphysical doubt as to the material facts"). In deciding whether triable issues of fact exist, the court must view the underlying facts and draw all reasonable inferences in favor of the nonmoving party. *Id.* at 587; *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995).

### C. Application

The gravamen of Plaintiffs' allegations is that Wal-Mart managers falsely imprisoned Plaintiffs during their overnight cleaning shifts by locking the storefront doors. To prevail upon a claim for false imprisonment, a plaintiff must show that the defendant's alleged acts

"constrained" plaintiff's "freedom of movement . . . by force or by threats of force communicated through conduct or words." *See Maietta v. United Parcel Serv., Inc.*, 749 F. Supp. 1344, 1366-67 (D.N.J. 1990), aff'd, 932 F.2d 960 (3d Cir. 1991) (quoting *Earl v. Winne*, 14 N.J. 119, 101 A.2d 535 (1953)) (explaining that constraint of the person is the essential element of a false imprisonment claim). However, this Court determined that the use of force to constrain movement does not give rise to an actionable false imprisonment claim "if there is a safe avenue of escape through an exit." *Zavala v Wal-Mart Stores, Inc. (Zavala I)*, 393 F. Supp.2d 295, 334 (D.N.J. 2005) (Greenaway, J.) (quoting *Earl*, 101 A.2d at 539); see RESTATEMENT (SECOND) OF TORTS § 36 (1965) (stating that an exit provides a reasonable means of escape even if an alarm sounds upon exiting). To the extent that the allegations are based on "threats of force communicated through conduct or words," this Court in *Zavala I* acknowledged that such threats may "as effectively restrain[] and deprive[] of liberty as by prison bars." *Zavala I*, 393 F.Supp.2d at 539. However, neither "moral pressure" nor threat to a person's job is "sufficiently adequate to constitute an actionable constraint by threat of force." *Id*. at 334.

      Wal-Mart asserts that there is no genuine issue of material fact as to Wal-Mart's non-liability for the tort of false imprisonment, and therefore Wal-Mart is entitled to judgment as a matter of law. Wal-Mart concedes that for security reasons, the front doors of each store were locked during non-business hours. However, Wal-Mart asserts that Plaintiffs' claim for false imprisonment based on these locked front doors must fail as a matter of law because: (1) the record establishes that Plaintiffs have not and cannot show any instance of actual or threatened force by Wal-Mart; (2) Plaintiffs have not and cannot deny the existence of or access to emergency exits, and (3) the record refutes Plaintiffs' allegations that they were held against their

will because they returned to work on a daily basis. (Def.'s Br. at 12).

      Plaintiffs' arguments to the contrary are insufficient to defeat Wal-Mart's motion for partial summary judgment. Throughout their opposition, Plaintiffs primarily argue the following: (1) Wal-Mart's policy of locking the front doors during non-business hours constitutes an act of force for the purposes of a false imprisonment claim; (2) Wal-Mart did not show Plaintiffs the location of the emergency exits, and further, Wal-Mart was motivated to conceal these exits from Plaintiffs; and (3) some exits may have been in the back of the store.

      Critically, however, the record is silent with regard to a single instance in which a Wal-Mart manager actually used force, or the threat of force, to restrict or constrain Plaintiffs from moving or exiting the store. Rather, Plaintiffs' solitary proffered evidence regarding a Wal-Mart manager's alleged use of force or threat of force relates to an occasion on which Plaintiff Zednik allegedly suffered from a toothache and requested to leave work early. (Zednik Third. Supp. Decl. P 6) ("[A]s is obvious in [the manager's] denial of [Zednik's] request to leave the store, Wal-Mart managers did not want us to leave the stores even in cases of emergencies because if we did, the stores would not be clean in the morning.") Plaintiff Zednik's manager allegedly denied his request, and supposedly explained that "a senior Wal-Mart manager was visiting to inspect the Monroe, Georgia store the next day and that [Zednik] had to stay in the store to finish the cleaning and make the store immaculate for the inspection." (Zednik Third Supp. Decl. P 4.) Plaintiff Zednik then baldly alleges that because his manager "is a muscular man," Zednik "knew that [his manager] would assault [him] if [Zednik] tried to escape through any door that would let me out . . ." *Id*. In the following paragraph, however, Plaintiff Zednik appears to expressly contradict himself by asserting that "we did not know of any way to get out even in the case of

fire or other emergency" because "[n]obody at Wal-Mart ever showed us any emergency exit." (Jaros Supp. Decl. P 3.) Plaintiffs cite one other instance in which Plaintiff Jaros was ill, but they do not allege that Plaintiff Jaros ever notified anyone that she was bleeding, or that she attempted to leave the store by way of any of the four emergency exits in the Monroe store. (Pls.' Motion in Opp. at 16.)

These factual allegations, however, are insufficient as a matter of law. Even assuming Plaintiffs were unable to exit through the front doors during their overnight shifts, it appears both undisputed and indisputable that Plaintiffs – at all times – had alternative means of safe egress from the store. To that point, Plaintiffs do not provide rebuttal evidence that effectively disputes Wal-Mart's contention that multiple exits in compliance with state and federal regulations existed in both stores at all relevant times. Further, Plaintiffs do not provide rebuttal evidence that effectively disputes Wal-Mart's contention that these multiple exits were not obstructed, unmarked, or otherwise inaccessible to Plaintiffs. Instead, Plaintiffs merely accuse Wal-Mart of deliberately concealing emergency exits from their employees as a measure of preventing federal agents from performing search and seizure raids, and proffer a litany of other hypothetical questions and scenarios. This is not sufficient to survive a motion under Rule 56.

Moreover, Plaintiffs assert that they were unable to recognize marked emergency exit signs in English and that some exits "may have been located at the far end separate areas, such as loading docks." Clearly, however, the issue of whether Wal-Mart taught overnight cleaning crews to recognize and operate emergency doors is immaterial to a false imprisonment cause of action. The record is devoid of evidence that might show a genuine instance of actual or

7

threatened force by Wal-Mart to prevent Plaintiffs from accessing the emergency exits, which indisputably existed at all times.

Therefore, in sum, the Court concludes that no reasonable finder of fact could decide that Plaintiffs' false imprisonment claims have merit. As such, the Court will grant Wal-Mart summary judgment on those claims.

### III. CONCLUSION

For the foregoing reasons, the Court will grant Wal-Mart's motion for partial summary judgment (Doc. No. 246) against Plaintiffs. An appropriate form of order accompanies this Memorandum Opinion.

Dated: April 7, 2011

                                                                       /s/ Garrett E. Brown, Jr.
                                                                    GARRETT E. BROWN, JR., U.S.D.J.